THOMPSON, Judge,
dissenting.
I dissent. I would affirm the award of the $1,250 attorney’s fee to claimant’s attorney.
Claimant sustained a compensable injury on October 9, 1974 and the carrier timely commenced payment of temporary total disability (TTD) benefits. The claimant was furnished medical treatment including four operations on his back, the last of which was in July 1978. The attorney who formerly represented the claimant filed a claim for PTD, future medical and attorney’s fees and costs on January 28, 1978 before claimant reached maximum medical improvement (MMI). On September 13, 1978 the employer/carrier (E/C) accepted claimant as permanently totally disabled (PTD) as of July 13, 1978. On December 5, 1978, the same deputy that entered the order appealed from here entered an order finding that the E/C had voluntarily accepted the claimant as PTD, that the claimant had not reached MMI and that no disability rating had ever been assigned by any physician of whom the claimant or the E/C’s attorney was aware before the E/C accepted the claimant as PTD. The deputy further found that motion for assessment of attorney’s fees and costs should be denied. This order was appealed and affirmed by order of the Industrial Relations Commission. Certiorari was denied by the Supreme Court of Florida on May 16, 1980.
Sometime subsequent to 1978, and before November 11, 1982, the claimant retained his present attorney of record who filed a claim for compensation requesting reimbursement for mileage and miscellaneous expenses relating to the receipt of medical care. This claim was disposed of without the necessity of a hearing. The present attorney also filed a claim for medical benefits on May 11, 1983 claiming two hospital bills totaling $70 and one doctor's bill for $101.85 had not been paid. A review of the file showed that those bills had been paid by the E/C. Giving the benefit of the doubt to the claimant’s attorney, the only beneficial service he had rendered the claimant at this stage was the nominal amount of mileage and other miscellaneous expense relating to medical care he obtained as a result of the November 11,1982 claim. An attorney’s fee for these services, if one was due, should have been awarded at that time. There is no basis for the award of a fee for those services as a result of the parties’ stipulation to pay a reasonable fee for services rendered by claimant’s attorney in connection with the washout settlement. The claimant’s attorney did negotiate a washout settlement with the E/C and as a part of the settlement it was stipulated that the claimant’s attorney would receive a reasonable fee for his services in negotiating the washout. The E/C had already accepted the claimant as PTD and was currently paying him PTD benefits. This is a case where the E/C promptly accepted the claim and promptly began the payment of TTD benefits. The E/C also promptly paid all other benefits including very substantial medical benefits for four back operations. The E/C timely accepted the claimant as PTD and was paying PTD benefits to the claimant at the time the washout settlement was negotiated. The claimant’s attorney did not obtain any additional benefits as a result of the washout settlement but merely obtained a lump sum settlement of the balance of the PTD benefits due reduced to present value in return for a irrevocable settlement of all future claims of the claimant. $1,250 is a reasonable fee for those services.
I do not think that it comports with the spirit of the workers' compensation act to penalize a carrier which has timely per *815 formed its obligations under the act by assessing it a large fee for a lump sum settlement of an amount it has already agreed to pay and is paying and to further assess the carrier with a larger than normal $2,500 fee on appeal.
Although the deputy may have based his decision on incorrect reasons, his conclusion that a $1,250 fee was reasonable was correct, and I would affirm.